IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


**DONNELL GILMORE,**

      **Plaintiff,**

**vs.**                                                                                            **1:05CV116-MMP/AK**

**SHERIFF STEVE OELRICH, et al,**

      **Defendants .**

_____/

# O R D E R

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and an application for leave to proceed *in forma pauperis* (IFP). (Doc. 5). Leave to so proceed has been granted in a separate order. (Doc. 7).

Plaintiff has also filed several motions: (1) Motion for a deposition (doc. 8); (2) Motion seeking waiver of partial filing fee (doc. 11); and (3) Motion for Pretrial Conference. (Doc. 14).

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Consequently, the Clerk will mail to him

another civil rights complaint that Plaintiff must complete in its entirety.  He does not need to file any service copies of the complaint at this time.

Plaintiff alleges that he was arrested on May 26, 2005, on a misdemeanor charge and strip searched.  (Doc. 1).  He sues the sheriff and the facility, but fails to name who actually searched him.  There are a number of problems with this complaint.

First, plaintiff concedes that he did not file any grievances about this incident because they were difficult to get and would result in his being a "marked man." The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998).  There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an excessive force claim is subject to the exhaustion requirement); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons).  Furthermore, this Court may not consider the adequacy or futility of administrative remedies, but only the availability of such.  Higginbottom, 223 F.3d at 1261, *citing* Alexander, 159 F.3d at 1323.  Thus, if Plaintiff failed to exhaust he

should consider voluntarily dismissing this complaint or the Court will recommend its dismissal.

Second, Plaintiff has alleged no physical injury resulting from this search. Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Despite the wording of § 1997e(e), that "[n]o Federal civil *action* may be *brought*," this circuit has established that the statute limits relief, not causes of action.  If there is no physical injury alleged, then mental or emotional monetary damages, as well as punitive damages, cannot be recovered, but declaratory and injunctive relief may be available.[1]  Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[2], *reinstating in part* 190 F.3d 1279 (11th Cir. 1999) and Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table).  215 F.3d at 1230.  Plaintiff seeks declaratory relief, i.e. to have strip searches prohibited, and compensatory damages.  His request for money damages is not viable without a showing of physical injury so that Plaintiff's claim for damages must be dismissed, leaving only the possibility of nominal damages of $1.

---

[1] "[C]ompensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated."  Slicker v. Jackson, 215 F.3d 1225, 1229 (11th Cir. 2000) (emphasis by the court), *citing* Memphis Comm. Sch. Dist, v. Stachura, 477 U.S. 299, 309-310, 106 S.Ct. 2537, 2544, 91 L.Ed.2d 249 (1986) and Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. at 1042, 1052, 55 L.Ed.2d 252 (1978).

[2] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001).  The parts of the panel opinion relevant to this legal issue were reinstated.

Further, Plaintiff has not identified who actually strip searched him.  In order to state a claim against the sheriff, Plaintiff must show that the sheriff knew: (1) that an objective, substantial risk of serious harm existed, (2) the sheriff was subjectively aware of this risk, (3) the sheriff responded in an objectively unreasonable way to this known risk; and (4) the constitutional violation caused Plaintiff's injuries.  Marsh v. Butler County, 268 F.3d 1014, 1030 (11 Cir. 2001).  Plaintiff has not made such allegations.

Finally, the jail and/or detention center is not "an actionable legal entity because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office."  Mayes v. Elrod, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979).  Florida law does not recognize a jail as a legal entity and Plaintiff must omit any claims against the jail/detention facility.  Avant v. Rice, 1992 WL 359633, at*6 (M.D. Fla., November 19, 1992).

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  See, e.g., Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each

allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Until Plaintiff files a viable complaint, and the Court orders service upon the named defendants, there will be no discovery.  Thus, Plaintiff's motions to take a deposition (doc. 8) and for a pretrial conference (doc. 14) are premature and DENIED.  Also, his request that the partial filing fee be waived is DEEMED MOOT, since the fee was received on September 22, 2004.  (Doc. 13). This payment is mandatory and will not be waived.  28 U.S.C. §1915.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **November 4, 2005.**

5

3.  **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

4.  Plaintiff's motion for a deposition (doc. 8) and motion for a pretrial conference (doc. 14) are **DENIED**.

5.  Plaintiff's motion to waive filing fee (doc. 11) is **DEEMED MOOT**.

**DONE AND ORDERED** this **5th** day of October, 2005.

        s/ A. KORNBLUM
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**